**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND and TRUSTEES ROBERT W. O'TOOLE, STEVEN M. POWELL, MIKE FORTE, MARCUS PARKER, AND WILLIAM R. SEEHAFER, | ) | Case No. |
| Plaintiffs, | ) | |
| v. | ) | |
| SOUTH SUBURBAN REHABILITATION CENTER, LLC, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Trustees Robert W. O'Toole, Steven M. Powell, Marcus Parker, Mike Forte, and William R. Seehafter ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against South Suburban Rehabilitation Center, LLC, ("South Suburban" or "Defendant") allege as follows:

## INTRODUCTION

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Pension Fund seeks to collect delinquent withdrawal liability payments.

2. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. §1331, relating to any civil action or proceeding arising under the laws of the United States.

3. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), as the Pension Fund is administered in this judicial district at 1431 Opus Place, Suite 350, Downers Grove, Illinois, 60515.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 2(2)(A) and (3) of ERISA, 29 U.S.C. §§1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

5. The Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and are also the plan sponsor within the meaning of ERISA §3(16), and have authorized this lawsuit.

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §1132(a)(3), and 29 U.S.C. §1451, the Plaintiffs are authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

7. South Suburban is an Illinois corporation, that, until its sale, did business at 1900 S. Homewood, Illinois 60430.

8. South Suburban, at all material times, has been an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## FACTUAL ALLEGATIONS

9. On or about December 1, 2024, Ryze at Homewood LLC ("Ryze") purchased the assets of South Suburban.

10. Prior to the asset sale, South Suburban employees were represented by United Food and Commercial Workers Local 1546 ("Local 1546") and were covered by a Collective Bargaining Agreement ("CBA") that obligated South Suburban to contribute to the Pension Fund on behalf of eligible employees.

11. Pursuant to an Operations Transfer Agreement ("OTA") between Ryze and South Suburban, Ryze agreed to contribute to the Pension Fund under the same terms as did South Suburban before the asset sale.

12. Nonetheless, after learning of the asset sale by Ryze on January 29, 2025, the Pension Fund reviewed South Suburban's contribution history and determined that South Suburban had incurred past partial withdrawals prior to its asset sale to Ryze.

13. By letter dated August 11, 2025, the Pension Fund assessed South Suburban withdrawal liability based on partial withdrawals from the Pension Fund during the Plan Years ending November 30, 2009-2023 (excluding Plan Year ended 2022). (A true and correct copy of the Pension Fund's Assessment Letter is attached hereto as Exhibit A).

14. In addition, the Assessment Letter informed South Suburban of the amount and schedule of the withdrawal liability payments, the basis for the assessment, and South Suburban's right to request review of the assessment under 29 U.S.C. §1399(b)(2)(A).

15. The Assessment Letter further gave South Suburban notice of the Pension Fund's rights under ERISA Section 4219(c)(5) to demand at its option that the total outstanding liability shall

become immediately payable if South Suburban is in default in the payment of its withdrawal liability payment.

16. The Assessment Letter further advised South Suburban that its monthly withdrawal liability payments would begin and be due on September 1, 2025, and monthly thereafter according to the Assessment Letter's payment schedule.

17. South Suburban did not request a review of the assessment as provided by 29 U.S.C. §1399(b)(2)(A).

18. Notwithstanding the notices in the Assessment Letter, South Suburban failed to make the withdrawal liability payments as set forth in Exhibit A of the Assessment Letter.

19. Thereafter, by letter dated February 20, 2026, the Pension Fund wrote to South Suburban's Registered Agent, as listed in the Illinois Secretary of State's corporation/LLC database.

20. The February 20, 2026, letter demanded payment from South Suburban of the outstanding withdrawal liability, plus interest, due from September 1, 2025, through to February 1, 2026, and any unpaid monthly payments and interest that may accrue thereafter. (A true and correct copy of the February 20, 2026 Demand Letter is attached hereto as Exhibit B).

21. The Pension Fund served the Demand Letter by Certified and First Class Mail, as well as by personal service on South Suburban's Registered Agent.

22. South Suburban has failed to make the withdrawal liability payments demanded in February 20, 2026, and the Assessment Letter.

23. Under 29 U.S.C. § 1381(a), if an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, the employer is liable to the plan in the amount determined to be the withdrawal liability.

24. South Suburban's withdrawal liability constitutes an amount owed to the Fund that Defendant is legally obligated to pay.

**COUNT I**

25. The Pension Fund incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. South Suburban withdrew from the Fund in partial withdrawals within the meaning of 29 U.S.C. § 1383.

27. By virtue of its withdrawal, South Suburban became liable to the Pension Fund for withdrawal liability in the amount determined under 29 U.S.C. § 1391 and assessed pursuant to 29 U.S.C. §1399.

28. The Pension Fund properly assessed South Suburban's withdrawal liability in the amount of $2,767,733 in accordance with the 29 U.S.C. §§ 1391 and 1399.

29. South Suburban has failed to pay the withdrawal liability owed to the Pension Fund as required by 29 U.S.C. § 1399.

30. The Pension Fund is entitled to recover from South Suburban the full amount of unpaid withdrawal liability, together with interest, liquidated damages, costs, and attorney's fees as provided by law.

31. Under 29 U.S.C. § 1451(a), a plan fiduciary may bring an action for appropriate legal or equitable relief for any act omission with respect to a multiemployer plan under Subtitle E of Title IV of ERISA, including actions to collect withdrawal liability.

32. South Suburban's failure to pay withdrawal liability when due constitutes a violation of ERISA's withdrawal liability provisions, entitling the Pension Fund to relief under 29 U.S.C. § 1451.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United Food and Commercial Workers Unions and Employers Midwest Pension Fund respectfully requests that this Court enter judgment in its favor and against South Suburban Rehabilitation Center, LLC as follows:

A. For an order and judgment requiring South Suburban to pay the Pension Fund the full amount of unpaid withdrawal liability in the sum of $2,767,733, or such other amount as may be proven at trial;

B. For interest on all unpaid withdrawal liability at the rate provided by law from the date each payment became due until paid in full;

C. For liquidated damages as provided by 29 U.S.C. § 1145 and applicable law;

D. For all costs and expenses incurred in connection with this action, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1451(e).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 16, 2026

Respectfully submitted,

/s/Jonathan D. Karmel

Jonathan D. Karmel

*Attorney for Plaintiffs*

Karmel & Torres

20 S. Clark Street, Ste. 1720

Chicago, IL 60603

jon@karmellawfirm.com

Attorney No. 6183121

/s/Noah L. Karmel

Noah L. Karmel

*Attorney for Plaintiffs*

Karmel & Torres

20 S. Clark Street, Ste. 1720

Chicago, IL 60603

noah@karmellawfirm.com

Attorney No. 6357226